OPINION
{¶ 1} Roderick M. Brown appeals from a judgment of the Montgomery County Court of Common Pleas, which found him guilty of violating the terms of his community control and *Page 2 
sentenced him to a maximum term of 180 days in jail. For the following reasons, the judgment will be affirmed.
 I {¶ 2} In February 2005, Brown pled no contest to attempted aggravated possession of drugs, a first degree misdemeanor. The trial court found him guilty and, after a pre-sentence investigation, the court sentenced him to five years of community control. Brown's community control sanctions included the requirements that he received a Crisis Care assessment and comply with all recommendations and that he complete 50 hours of community service at a rate of 10 hours per month. Brown was informed that the failure to comply with the terms of his community control could result in a term of 6 months in the Montgomery County Jail and a $1,000 fine.
 {¶ 3} Beginning in June 2006, Brown's whereabouts were unknown. Brown was declared an absconder, resulting in the suspension of his community control, and a capias was issued. In April 2007, the trial court determined that the circumstances which resulted in the suspension of his community control did not justify revocation of his community control at that time. The court reinstated Brown's community control as of March 30, 2007, and the capias was withdrawn.
 {¶ 4} On July 10, 2007, the Adult Probation Department filed a notice of violation, alleging that Brown had violated the terms of his community control in four respects. After a revocation hearing on October 19, 2007, the trial court revoked Brown's community control and sentenced him to 180 days in the Montgomery County Jail.
 {¶ 5} Brown appeals from his conviction and sentence, raising two assignments of *Page 3 
error.
 II {¶ 6} Brown's first assignment of error states:
 {¶ 7} "THE TRIAL COURT ERRED BY CONSIDERING FACTORS THAT WERE DISPUTED AND VIOLATIONS THAT WERE WITHDRAWN BY THE STATE."
 {¶ 8} In his first assignment of error, Brown claims that the trial court improperly considered alleged violations of his community control that were withdrawn by the State and, based on these improper considerations, imposed the maximum sentence.
 {¶ 9} "The right to continue on community control depends on compliance with community control conditions and is a matter resting within the sound discretion of the court." State v. Schlecht, Champaign App. No. 2003-CA-3, 2003-Ohio-5336, at ¶ 7. Therefore, we review the trial court's decision for abuse of discretion, which "means more than a mere error of law or an error in judgment. It implies an unreasonable, arbitrary, unconscionable attitude on the part of the trial court."State v. Richardson, Montgomery App. No. 21113, 2006-Ohio-4015, at ¶ 36. A decision is unreasonable and, therefore, an abuse of discretion if no sound reasoning process supports the decision. State v.Picklesimer, Greene App. No. 06-CA-118, 2007-Ohio-5758, at ¶ 28,citing AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597.
 {¶ 10} In the notice of violation, the State alleged that Brown had violated the terms of his community control in four respects: (1) Brown was arrested for forging an identification card, attempted theft, and identity theft on June 20, 2007; (2) Brown tested positive for marijuana on June 8, 2006; April 4, 2007; and June 15, 2007; (3) Brown failed to obtain a Crisis *Page 4 
Care assessment and missed office visits on May 2, 2007 and May 24, 2007; and (4) Brown failed to keep his probation officer aware of his whereabouts, resulting in Brown being declared an absconder in October 2006.
 {¶ 11} At the violation hearing, Brown admitted to testing positive for marijuana but disputed the other charges. Brown claimed that he had been told that he had been released from community control, and he stated that he was admitted to Crisis Care in September 2007, three weeks before the hearing.
 {¶ 12} The trial court confirmed with Brown that he was admitting to using marijuana on three occasions. The court then indicated that it "will make a finding that you have violated terms and conditions of your community control and * * * that you did test positive for marijuana on those three dates."
 {¶ 13} The court then turned to disposition and he asked the sole witness, Ozelia Kent Wortham, Brown's probation officer, about whether Brown knew that he was on probation. Wortham testified that several calls were made to Brown informing him that he needed to report, but Brown did not appear or call to reschedule. Wortham further stated that Brown's wife had come in, and the probation office informed her that Brown needed to report. Wortham indicated that Brown had stated that his attorney told him that he was off probation and that he no longer needed to report.
 {¶ 14} Brown's attorney objected to the court basing its finding of a violation on whether Brown was required to report. The court responded:
 {¶ 15} "I am not basing any finding on those, but I am taking them in part of mitigation. You put forth your mitigation is that he is not, um, that he didn't think he was on probation. *Page 5 
I'm listening to the other side of that story. That's all I wanted to hear."
 {¶ 16} Later in the hearing, Brown told the court that Wortham had never called him or sent him letters informing him that he needed to report to the probation office. Brown indicated that Wortham had visited him in jail and that his wife spoke with Wortham at that time, not before. Brown also denied that he was aware that he had been an absconder, stating that he had never received a letter telling him that he "was absconding."
 {¶ 17} At the conclusion of the hearing, the trial court sentenced Brown to 180 days in jail, the term that Brown had been told could be imposed at his original sentencing. The court issued a termination entry to that effect on November 26, 2007.
 {¶ 18} Upon review of the transcript of the revocation hearing, we find no indication that the State withdrew the three charges that Brown disputed. Rather, the trial court elected to accept Brown's admission that he had used marijuana on three occasions and to find that Brown had violated the terms of his community control on that basis. The court considered Brown's proffered excuse that he did not believe that he was on probation for dispositional purposes only.
 {¶ 19} We find no abuse of discretion in the trial court's determination to revoke Brown's community control and to impose a 180-day jail term.
 {¶ 20} The first assignment of error is overruled.
 III {¶ 21} Brown's second assignment of error states:
 {¶ 22} "THE TRIAL COURT SENTENCED THE DEFENDANT UNDER A NON APPLICABLE STATUTE AND FAILED TO CONSIDER OR ADDRESS THE *Page 6 
MISDEMEANOR SENTENCING STATUTE. R.C. 2929.21"
 {¶ 23} In his second assignment of error, Brown claims that the trial court erred in considering the purposes and principles of felony sentencing rather than misdemeanor sentencing. Brown argues that the trial court thereby failed to consider the burden on local government resources when it imposed a six-month jail sentence.
 {¶ 24} In response, the State argues that R.C. 2929.22(A) does not require the trial court to consider the effect on local government resources; "[i]it just states that the court shall not impose a sentence that imposes an unnecessary burden on local government resources." (Emphasis sic.) The State further claims that the court's reference to R.C. 2929.11 was a "slip of the tongue," and that the court's consideration of felony guidelines did not prejudice Brown because the principles and purposes of felony sentencing are similar to those of misdemeanor sentencing.
 {¶ 25} We agree with the State that Brown has failed to demonstrate more than harmless error. The purposes of felony and misdemeanor sentencing are the same — see R.C. 2929.11 and 2929.21 — and the factors to be considered in achieving those purposes are similar, although the misdemeanor factors are set out in more abbreviated fashion than the felony factors. See R.C. 2929.12, 2929.22; State v. Sullivan, Montgomery App. No. 22122, 2008-Ohio-2088, at ¶ 10.
 {¶ 26} Although Brown received the maximum sentence of 180 days in jail, he had been informed at his original sentencing that the failure to comply with his community control would result in a sentence of six months in jail. Accordingly, we find no evidence that Brown was prejudiced by the court's apparently inadvertent reference to R.C. 2929.11.
 {¶ 27} The second assignment of error is overruled. *Page 7 
 IV {¶ 28} Having overruled the assignments of error, the judgment of the trial court will be affirmed.
 BROGAN, J. and FAIN, J., concur. *Page 1