[Cite as *State v. Fonte*, 2013-Ohio-98.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98144**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JONATHAN FONTE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-531362

**BEFORE:** Jones, J., Boyle, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** January 17, 2013

**ATTORNEY FOR APPELLANT**

Jonathan N. Garver
4403 St. Clair Avenue
The Brownhoist Building
Cleveland, Ohio 44103

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Nathaniel Tosi
        Mark J. Mahoney
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} Defendant-appellant Jonathan Fonte appeals from the trial court's March 2012 judgment terminating his community control sanctions and sentencing him to a 14-month prison term. We affirm.

## I. Procedural History

{¶2} In December 2009, Fonte was charged with one count of retaliation. In March 2010, Fonte pleaded guilty to the charge as indicted. The trial court sentenced Fonte to two years of community control sanctions with numerous conditions. In February 2012, the trial court was advised that Fonte had violated the terms of his community control sanctions, and a hearing on the alleged violations was scheduled. Prior to the hearing, Fonte waived the "preliminary community control revocation hearing," and the trial court indicated that it would let the probation officer "advise the Court as to what the nature and extent of the alleged violations" were. At the conclusion of the hearing, the trial court found that Fonte had violated the terms of his community control sanctions. The court revoked Fonte's community control sanctions and sentenced him to a 14-month prison term. Fonte appeals, raising five assignments of error, which challenge the trial court's termination of his community control sanctions and the imposition of a prison term. (*See* appendix.)

## II. Facts

{¶3} At the hearing, the probation officer, who was not sworn in, stated that while Fonte was on community control sanctions, he was charged with trespass in a park, which resulted in Fonte pleading to an amended charge of disorderly conduct, and he was arrested in two other separate incidents for telephone harassment and menacing. Defense counsel admitted that Fonte had been arrested, but argued that his community control sanctions should not be terminated because he had not "violated any additional terms other than these three matters" and therefore had "largely been in compliance" with the conditions of his community control sanctions.

{¶4} In regard to the menacing charge, counsel stated that the case was set for trial and Fonte and his attorney on that case believed it was a defensible case for them. In regard to the telephone harassment charge, based on the facts according to Fonte, it was a "miscommunication." Thus, for the two pending cases, counsel contended that the "full facts" of the cases were not known and if the trial court were to revoke Fonte's community control sanctions it would be premature. The trial court disagreed with counsel, revoked his community control sanctions, and sentenced him to prison.

### III. Law and Analysis

{¶5} Fonte first contends that the trial court violated his rights to due process and confrontation by allowing the unsworn hearsay evidence of a probation officer without "a prior specific finding of good cause for not allowing confrontation." We disagree.

{¶6} A community control sanction revocation hearing is not a criminal trial. Rather, it is "'an informal hearing structured to assure that the finding of a * * *

[probation] violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the * * * [probationer's] behavior.'" *State v. Hylton*, 75 Ohio App.3d 778, 781, 600 N.E.2d 821 (4th Dist.1991), quoting *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Further, the rules of evidence do not apply to community control sanction proceedings. Evid.R. 101(C)(3).

{¶7} The due process rights that must be observed in a community control sanction revocation hearing are:

> (a) written notice of the claimed violations of [community control]; (b) disclosure to the [offender] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a "neutral and detached" hearing body * * *; and (f) a written statement by the factfinders as to the evidence relied upon and reasons for revoking [community control].

*Morrissey* at 489; *State v. Miller*, 42 Ohio St.2d 102, 104, 326 N.E.2d 259 (1975).

{¶8} Fonte waived his preliminary hearing and admitted the violations. He, therefore, waived his right to an evidentiary hearing on the violations, and the hearing that was had was only to address the consequence, or punishment, for the violations.

{¶9} Further, Fonte did not object to the probation officer's statement at the hearing and did not cross-examine her. In fact, he agreed with her reporting of the three cases he had been charged with while under community control sanctions in this case. His response to her report on the two pending cases was that they were defensible and therefore revocation of his community control sanctions was premature. He admitted

pleading guilty to disorderly conduct on the third case.

**{¶10}** This court has previously held that the failure to object to the unsworn testimony of a probation officer at a violation hearing waives any error regarding the trial court's determination. *State v. Rose*, 8th Dist. No. 70984, 1997 Ohio App. LEXIS 1072, *8-*9, (Mar. 20, 1997), citing *State v. Williams*, 51 Ohio St.2d 112, 364 N.E.2d 1364 (1977). This court further noted that the defendant in *Rose* had the opportunity to cross-examine the officer and present evidence on his own behalf, but did not.

**{¶11}** In light of the above, Fonte's contention that his rights to due process and confrontation were violated is not well taken.

**{¶12}** Fonte next contends that an arrest alone cannot be ground for revocation of community control sanctions. Further, Fonte contends that the trial court abused its discretion in finding that he violated his community control sanctions.

**{¶13}** "The right to continue on community control depends on compliance with community control conditions and is a matter resting within the sound discretion of the court." *State v. Schlecht*, 2d Dist. No. 2003-CA-3, 2003-Ohio-5336, ¶ 7. Accordingly, we review the trial court's decision to revoke a defendant's community control for an abuse of discretion. *State v. Brown*, 2d Dist. No. 22467, 2008-Ohio-4920, ¶ 9. Such decision is an abuse of discretion if no sound reasoning process supports the decision. *Id.*

**{¶14}** While on community control sanctions in this case, Fonte was charged in three other cases. Although two of the cases were pending at the time of the hearing here, Fonte had been convicted in the third case. That conviction alone would serve as a

basis for the revocation of community control sanctions. The arrests, therefore, were not the sole basis for revoking Fonte's community control sanctions. Further, the trial court did not abuse its discretion in revoking his community control sanctions.

**{¶15}** Fonte also contends that his due process rights were violated because the trial court did not issue a written statement setting forth the reason for revoking his community control sanctions and the evidence it relied on. This court has held, however, that "a court need not issue a written opinion where it sufficiently explains its reasons and the evidence relied on to the defendant on the record such that a sufficient record exists for appellate review." *State v. Harian*, 8th Dist. No. 97269, 2012-Ohio-2492, ¶ 22, citing *State v. Delaney*, 11 Ohio St.3d 231, 235, 465 N.E.2d 72 (1984); *State v. Martin*, 8th Dist. No. 82140, 2003-Ohio-3381, ¶ 23. Here, the court explained its decision as follows:

> My concern is as follows, because looking at your history here, you did plead initially to a felony three, a retaliation charge, back in April of 2010.
>
> You did have a prior criminal record at that time, including some crimes of violence. You had an assault on your juvenile record.
>
> Also, at that time you had already served a prison term after violating probation, and you were a registered sex offender as well, and you had previously violated parole.
>
> Now, in spite of all that, I did put you on probation for two years and gave you the opportunity then to make it right.
>
> Also, I did actually account for a mental health assessment, also required you to take medication as provided by your physician. So I basically gave you the tools you needed to change, also [had] you do the Thinking For a Change program and anger management.

And I think you did okay on community control for awhile, it looks like about ten months, before you got that case in Parma, and then there was the second case in Parma, and then we have this arrest on the Tri-C case that I'm going to call it involving threats to the dean there at that school.

So that's a concern, because basically I put you on community control in a situation where I think other courts might have put you in prison. I gave you the opportunity. I trusted you basically to do the right thing, and so there's been now three different incidents since then * * *.

So basically, having given you everything you need, at this point saying * * * I should re-refer you back to more mental health counseling, * * * I know there are some issues there, but I have to address the behavior, and I find the behavior actually somewhat disturbing in terms of the threat to society.

{¶16} The record more than sufficiently explains the court's reasons for revoking Fonte's community control sanctions. Fonte's contention therefore is without merit.

{¶17} Finally, Fonte contends that the imposition of a 14-month sentence was an abuse of discretion. We disagree.

{¶18} In support of his contention, Fonte cites several factors that bode well in his favor, such as that he had been on community control sanctions for a significant period of time without violation, and that he had completed many of the other conditions imposed by the court. But in imposing community control sanctions, the court explained to Fonte that it had "some concerns about [his] ability to remain compliant on community control sanctions," but it was willing to "give it a shot and give [him] a shot as well." The court admonished Fonte, however, that "if there is any violation, you've got to understand I'm not really going to have much sympathy or any leeway in terms of violations here." The court further advised Fonte that a violation of the terms of his community control would

result in the court sentencing him to a two-year prison term.

**{¶19}** On this record, where the trial court explicitly explained to Fonte that it had reservations about placing him on community control sanctions and that any violation would result in a prison term being imposed, and Fonte presented with three new cases, one of which resulted in a conviction, the trial court did not abuse its discretion in imposing a 14-month sentence.

**{¶20}** Judgment affirmed.

It is ordered that appellee recover from appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

APPENDIX

Appellant's Assignments of Error

I.   The trial court violated Appellant's right to due process of law and his right to confront and cross-examine his accusers by finding that he had violated his community control sanction on the basis of unsworn hearsay evidence without a prior specific finding of good cause for not allowing confrontation.   Sixth and Fourteenth Amendments to the Constitution of the United States; Article I, Sections 10 and 16 of the Constitution of the State of Ohio.

II.   The trial court denied Appellant due process of law by holding that a mere "arrest," standing alone, without proof of guilt, constitutes a violation of community control sanction and by relying upon evidence of a mere "arrest" to revoke Appellant's community control sanction.   Fourteenth Amendment to the Constitution of the United States; Article I, Section 16 of the Constitution of the State of Ohio.

III.   The trial court denied Appellant due process of law by rendering judgment that he had violated his community control sanction without issuing a written statement as to the evidence relied on and the reasons for revoking his community control sanction. Fourteenth Amendment to the Constitution of the United States; Article I, Section 16 of the Constitution of the State of Ohio.

IV.   The trial court abused its discretion in finding that Appellant had violated his community control sanction.

V.   The trial court abused its discretion by imposing a 14-month term of imprisonment for the alleged violation of Appellant's community control sanction.