[Cite as *State v. Jenkins*, 2017-Ohio-1073.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   27173 |
| | : | |
| v. | : | T.C. NO. 15-CR-1155 |
| | : | |
| ERNEST J. JENKINS | : | (Criminal Appeal from |
| | : |   Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____24th____ day of ____March____, 2017.

. . . . . . . . . .

ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

CHRISTOPHER A. DEAL, Atty. Reg. No. 0078510, 2541 Shiloh Springs Road, Dayton, Ohio 45426
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1}  Counsel for Ernest J. Jenkins has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), in which counsel asserts that "after a careful and thorough review of the record and case law, [counsel] was unable to locate any meritorious issues for appellate review."  This Court notified Jenkins of his

counsel's submission and provided him an opportunity to file a pro se brief. None has been received. We hereby affirm the judgment of the trial court.

{¶ 2} Appellate counsel's brief is addressed to the trial court's June 24, 2016 revocation of Jenkins' community control sanctions and imposition of an eleven-month sentence. The community control sanctions were granted on October 9, 2015, after Jenkins pled no contest to one count of harassment with bodily substance, in violation of R.C. 2921.38(B), a felony of the fifth degree.

{¶ 3} Jenkins was indicted on May 12, 2015 on one count of harassment with bodily substance; one count of obstruction of official business, in violation of R.C. 2921.31(A), a misdemeanor of the second degree; one count of disorderly conduct, in violation of R.C. 2917.11(A)(1), a misdemeanor of the fourth degree; and one count of resisting arrest, in violation of R.C. 2921.33(A), a misdemeanor of the second degree. Jenkins pled not guilty on May 27, 2015. On September 10, 2015, Jenkins entered his no contest plea in exchange for the dismissal of the remaining charges. The trial court sentenced Jenkins to the following community control sanctions:

1. Defendant's compliance with the General Conditions of this court for probationers;

2. A term of Intensive Probation Supervision with a Chemical Abuse/Mental Health Specialist not to exceed five (5) years

3. A requirement that the offender provides verification of VA Medical benefits income;

4. A requirement that the offender completes mental health treatment at the Dayton VA Medical Center and complies with any further

treatment recommended by that agency, the Court, or the Division of Criminal Justice Services;

5. A requirement that the offender takes all medications as prescribed;

6. A requirement that the offender verifies all prescription medications;

7. A requirement that the offender appears for a 90 day Status Hearing at which time the Court will review a probation status report provided by his probation officer;

8. A requirement that the offender signs necessary releases of information;

9. A requirement that the offender not be in any building, structure, room, vehicle or place when you know or have reasonable cause to know that illegal drugs, stolen property or any firearms are present;

10. A requirement that the offender abstains from use of illegal drugs, drugs of abuse, and alcohol.

**{¶ 4}** On May 16, 2016, the court found Jenkins to be an absconder and issued a warrant for his arrest after his Community Control Officer reported to the court on May 11, 2016 that Jenkins' whereabouts were unknown since April 14, 2016. Jenkins was arrested on May 22, 2016.

**{¶ 5}** On May 24, 2016, the court issued a "Notice of CCS Revocation Hearing and Order." The Notice provides that Jenkins violated his community control sanctions when he failed to report to the probation department for a scheduled appointment on April 21,

2016, when he failed to abstain from the use of illegal drugs, when he failed to provide verification of prescribed medications, when he failed to attend the VA Medical Center for treatment, and when he failed to appear for a status hearing scheduled for March 9, 2016.

{¶ 6}  A revocation hearing was held on June 22, 2016.  Alisha Williams testified that she is employed at the Montgomery County Adult Probation Department, and that she supervises Jenkins, having done so since March 2016.  Williams stated that Jenkins met with her weekly, and that he failed to appear at a scheduled appointment with her on April 21, 2016.  Williams stated that she provided Jenkins with an appointment card with the date and time for the meeting in advance, and that Jenkins did not contact her before or after the scheduled time to explain his absence. Williams stated that a warrant was issued for his arrest on May 16, 2016, and that after he was arrested, she met with Jenkins in the jail on May 22, 2016.  Williams stated that Jenkins advised her then that he had used cocaine. Williams further testified that she called the VA after Jenkins' arrest and learned that he had stopped attending treatment there, and that she did not have verification of his prescribed medications.

{¶ 7} On cross-examination, Williams stated that she attempted to contact Jenkins by phone and in person at his home when he did not appear for his appointment, without success.  She stated that Jenkins indicated to her at the jail that he received the "blue card" she left at his residence.  Williams stated that when she met with him in the jail, Jenkins never indicated to her that he had been recently hospitalized. In response to a question from the court, Williams indicated that Jenkins is not amenable to continued community control sanctions, based upon his conduct after April 21, 2016. She stated that he had been generally compliant with his community control sanctions prior to April

21, 2016.

**{¶ 8}** Jenkins testified that he provided verification of his medications to his previous probation officer. Jenkins stated that Williams does not answer her phone when he calls her, and that he leaves her messages. He stated that he has not used drugs in two years. Jenkins stated that he is enrolled in a program located off of Edward C. Moses Boulevard, that "Federal Judge Newman has me going to that program," and that "it would suffice" for the VA program. Jenkins stated that he was hospitalized on April 21, 2016, and that he is "a very sick man." He stated that he advised Williams that he had been hospitalized.

**{¶ 9}** At the conclusion of the hearing, the court indicated as follows:

THE COURT: Mr. Jenkins, it looks like this actually started before April 21st, back when you missed status hearing on March 9th. That sort of was bypassed and you were given an opportunity. And if you were in the hospital on April 21st, and I'm not denying that you were, you had several weeks thereafter that you could have gotten ahold of your probation officer to let them know that. But there's no indication that you provided any documentation to them of your hospitalization o[r] the reason why you couldn't appear.

You also readily admitted yourself that you were using cocaine, which is a direct violation of the - -

THE DEFENDANT: No, I didn't Your Honor.

THE COURT: * * * Also, the testimony - - the credible testimony from the probation officer that you failed to provide verification of your

prescription medications. And one of the orders about the VA, just so the record is clear, one of the things I ordered you to do was the mental health treatment. And it doesn't appear that that is – been taking place, nor was there - - that you completed that treatment.

So it was all of those issues and admissions from yourself and the testimony before the Court. I am going to find that you did violate the terms and conditions of your community control sanctions. * * *

**{¶ 10}** Crim. R. 32.3(A) provides: "The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the ground on which action is proposed." As this Court has previously noted:

A community control revocation hearing is not a criminal trial. *State v. Hylton* (1991), 75 Ohio App.3d 778, 781, 600 N.E.2d 821. Thus, the State does not have to demonstrate a violation with proof beyond a reasonable doubt. *Id.* at 782, 600 N.E.2d 821. The State need only present substantial evidence of a violation of the terms of a defendant's community control. *Id.*

"The right to continue on community control depends on compliance with community control conditions and is a matter resting within the sound discretion of the court." *State v. Brown*, Montgomery App. No. 22467, 2008-Ohio-4920, ¶ 9, quoting *State v. Schlect*, Champaign App. No. 2003-CA-3, 2003-Ohio-5336, at ¶ 7. Thus, we review the trial court's decision revoking community control sanctions on an abuse-of-discretion standard.

*Id.* An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *Id.*

*State v. Cofer*, 2d Dist. Montgomery No. 22798, 2009-Ohio-890, ¶ 12-13.

**{¶ 11}** Pursuant to our responsibilities under *Anders*, we have conducted a thorough and independent review of the trial court's proceedings and have found no error having arguable merit.   Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.

Copies mailed to:

Andrew T. French
Christopher A. Deal
Ernest J. Jenkins
Hon. Dennis J. Adkins