[Cite as *State v. Pena*, 2020-Ohio-395.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28156 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-2280 |
| | : | |
| ALEXANDER PENA | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of February, 2020.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, 101 Southmoor Circle NW, Kettering, Ohio 45429
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}** On October 4, 2018, the trial court found that Alexander Pena had violated a condition of his community control, which was imposed on January 19, 2018, after Pena pled guilty to felonious assault, a felony of the second degree. The trial court sentenced Pena to three years in prison. We hereby affirm the judgment of the trial court.

**{¶ 2}** Pena was indicted for felonious assault (deadly weapon) on August 9, 2017, and the count included a firearm specification. He pled not guilty on August 25, 2017. A "B" indictment was issued on November 7, 2017, for felonious assault (serious harm), also with a firearm specification. On December 19, 2017, Pena pled guilty to felonious assault (serious harm), as charged in the "B" indictment; the charge of felonious assault (deadly weapon) and the firearm specifications were dismissed. Pena was sentenced to five years of community control sanctions, which included 90 days in jail. One of his community control sanctions was that he abstain from the use of illegal drugs, drugs of abuse, and alcohol. Pena's judgment entry of conviction provided that if Pena violated any community control sanction or any law, "the Court may * * * impose a prison term of EIGHT (8) YEARS CRC."

**{¶ 3}** The record reflects that Pena was arrested on August 3, 2018 for "Drug Abuse (MM), Felonious Assault (F2) and Domestic Violence (knowingly cause) (M1)." On August 16, 2018, the trial court suspended Pena's community control and issued a capias warrant. The court's order indicated that, according to Pena's community control officer, his whereabouts had been unknown since August 7, 2018.

**{¶ 4}** On August 22, 2018, a notice of community control revocation was filed, alleging that Pena had violated several of his community control conditions. It stated in the caption, "PRISON/JAIL TERM IF CCS IS VIOLATED 18 months CRC."

{¶ 5} After multiple continuances, the revocation hearing occurred on October 2, 2018. At the hearing, defense counsel asserted that Pena was willing to admit that he had tested positive for marijuana while on community control, but the original transcript of the hearing did not clearly reflect such an admission. Following the hearing, the trial court filed a judgment entry in which it imposed a prison term of three years for Pena's original conviction for felonious assault. Pena appeals.

{¶ 6} We note that original appellate counsel for Pena filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting one potentially meritorious assignment of error. Pena filed a pro se brief asserting two assignments of error. On June 6, 2019, this Court rejected the *Anders* brief and appointed new counsel, because Pena "may have relied upon the [community control revocation] notice which indicated an 18 month maximum sentence"; as such, Pena's second assignment of error had arguable merit. Further, we declined to address the other assignments of error, noting that "the record is not clear that Pena in fact entered an admission to a violation * * *."

{¶ 7} In his subsequent brief, Pena asserts the following assignment of error:

THE TRIAL COURT PREJUDICIALLY ERRED WHEN IT INCORRECTLY FOUND THAT APPELLANT ADMITTED THAT HE HAD VIOLATED COMMUNITY CONTROL.

{¶ 8} Pena directs our attention to the following exchange in the course of the revocation hearing:

[DEFENSE COUNSEL]: * * * Obviously, there's some new allegations in Clark County. There's some other violations of probation that

he is [sic] allegedly violated.   At this time, he is willing to admit only to violation of Rule number 6 that he tested positive for marijuana on August 7th, 2018.   * * *

* * * What I'd like to ask for Mr. Pena is that the Court sentence him or think about disposition for Mr. Pena based only, and solely on the violation that we have admitted to.

There are allegations out of Clark County that Mr. Pena vehemently denies. * * * If those allegations weren't here, I think I could at least ask for Monday or stop screen.   * * *

So he wants to admit he definitely smoked marijuana, but * * * he wants to make sure he can try to take Clark County, but I don't think they'll come get him. * * *

THE COURT:   He's not admitting that he was an absconder on August 16th?

[DEFENSE COUNSEL]:   No, Judge, he got arrested that day.   So I mean of course he was absconder [sic], he got arrested and got locked up.   * * *

[DEFENSE COUNSEL]:   I can't let him admit to anything related to those new allegations.

THE COURT: * * * Mr. Pena, is that what you want to do?

THE DEFENDANT:   Excuse me.   Excuse me, Your Honor.

[DEFENSE COUNSEL]:   Wait, hold on.   First, he asked you if that's what we're going to do.   And if you're going to talk about the new case,

don't do it.   All right, go ahead.

> THE COURT:   Is that what you want to do today?
>
> [DEFENSE COUNSEL]:   You have to say it out loud.
>
> THE DEFENDANT:   *Your Honor.*
>
> THE COURT:   You're indicating, yes.   Based upon that admission, the Court will find that there's been a violation of community control sanctions. * * *

(Emphasis added.)   Pena relies on this exchange in arguing that he did not admit to a community control violation.

{¶ 9} On October 28, 2019, the State filed a motion requesting that this Court remand the matter to the trial court to correct the record.   The State asserted that, in the video recording of the hearing, Pena's response was not "Your Honor"; rather, the State contended that Pena's response was "Um, yeah."   On November 22, 2019, this Court sustained the motion and remanded for the limited purpose of resolving this record issue. On November 27, 2019, the State filed a notice of the trial court's decision following remand and a motion to supplement the record.   The trial court's entry stated that its review of the video transcript revealed that Pena "did not say 'Your Honor,' but rather Mr. Pena responded with 'Yeah.' "   On December 9, 2019, this Court issued a decision and entry sustaining the State's motion to supplement the record.

{¶ 10}   As this Court has previously noted:

> A community control revocation hearing is not a criminal trial. *State v. Hylton* (1991), 75 Ohio App.3d 778, 781, 600 N.E.2d 821. Thus, the State does not have to demonstrate a violation with proof beyond a reasonable

doubt. *Id.* at 782, * * *. The State need only present substantial evidence of a violation of the terms of a defendant's community control. *Id.*

"The right to continue on community control depends on compliance with community control conditions and is a matter resting within the sound discretion of the court." *State v. Brown,* Montgomery App. No. 22467, 2008-Ohio-4920, ¶ 9, quoting *State v. Schlecht,* Champaign App. No. 2003-CA-3, 2003-Ohio-5336, at ¶ 7. Thus, we review the trial court's decision revoking community control sanctions on an abuse-of-discretion standard. *Id.* An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *Id.*

*State v. Cofer,* 2d Dist. Montgomery No. 22798, 2009-Ohio-890, ¶ 12-13.

{¶ 11} Based upon the supplemented record, we conclude that Pena admitted to violating his community control sanctions by testing positive for marijuana, and that an abuse of discretion is not demonstrated in the revocation of his community control.

{¶ 12}  Pena's sole assigned error is overruled.

{¶ 13} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
Jeffrey T. Gramza
Alexander Pena
Hon. Gregory F. Singer