[Cite as *State v. Backus*, 2023-Ohio-3222.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2022 CA 0041 |
| BRANDY BACKUS | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common Pleas, Case No. 2020 CR 00418

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     September 11, 2023

APPEARANCES:

For Plaintiff-Appellee

R. KYLE WITT
FAIRFIELD COUNTY PROSECUTOR
MARK A. BALAZIK
ASSISTANT PROSECUTOR
239 West Main Street, Suite 101
Lancaster, Ohio 43130

For Defendant-Appellant

BRIAN A. SMITH
BRIAN A. SMITH LAW FIRM LLC
123 South Miller Road
Suite 250
Fairlawn, Ohio 44333

*Wise, J.*

{¶1} Appellant Brandy Backus appeals the October 24, 2022, decision of the Fairfield County Court of Common Pleas revoking her community control and imposing the reserved 36-month prison sentence.

{¶2}  Appellee is the state of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3} The relevant facts and procedural history are as follows:

{¶4} On September 3, 2020, the Fairfield County Grand Jury indicted Brandy Backus on one count of Burglary, in violation of R.C. §2911.12(A)(2), a second-degree felony.

{¶5} On September 9, 2020, Appellant filed a plea of not guilty by reason of insanity and a request for a competency evaluation.

{¶6} On December 3, 2020, the trial court found Appellant to be incompetent to stand trial and ordered Appellant to undergo treatment at Appalachian Behavioral Healthcare to restore her to competency.

{¶7} On March 31, 2021, the trial court conducted a second competency hearing.

{¶8} On April 15, 2021, the trial court found Appellant to be competent to stand trial.

{¶9} On July 16, 2021, Appellant entered a plea of guilty to an amended charge of Burglary, in violation of R.C. §2911.12(A)(3), a third-degree felony.

{¶10} On July 20, 2021, following a hearing, the trial court sentenced Appellant to five years community control and reserved a 36-month prison sentence.

**{¶11}** On April 29, 2022, the trial court, through Appellant's probation officer, issued a holder for Appellant for violation of community control.

**{¶12}** On September 14, 2022, Appellant's probation officer filed a Statement of Violations of Community Control, alleging, *inter alia*, that Appellant had other pending criminal charges in the Fairfield County Municipal Court, that she had failed to report to the Community Control Department as ordered, that she had failed to maintain sobriety, that she had failed to comply with drug testing and had admitted to using methamphetamine and THC, that she had failed to be evaluated for mental health and/or substance abuse counseling needs, that she failed to follow all counseling recommendations, complete all treatment plans, and take all medications as directed, and that she had failed to notify her Community Control Officer of an address change.

**{¶13}** On September 15, 2022, a probable cause hearing was held via videoconference.

**{¶14}** On October 10, 2022, a videoconference hearing was held on the motion to revoke community control wherein Appellant admitted to the violations of the terms and conditions of community control. At the conclusion of the hearing, the trial court scheduled a second dispositional hearing to allow time to have Appellant assessed for suitability for the Mended Reeds program.

**{¶15}** On October 19, 2022, a final disposition hearing was held via videoconference on the motion for revocation of community control. At said hearing, the probation officer opined that despite being an acceptable candidate at Mended Reeds, it was their opinion that Appellant's community control should be revoked based on her repeated drug use, failure to report, and her failure to take her prescribed medications.

**{¶16}** By Judgment Entry filed October 24, 2022, the trial court revoked Appellant's community control and imposed the reserved 36-month prison sentence.

**{¶17}** Appellant now appeals.

### ASSIGNMENTS OF ERROR

**{¶18}** "I. THE TRIAL COURT FAILED TO COMPLY WITH DUE PROCESS REQUIREMENTS IN REVOKING APPELLANT'S COMMUNITY CONTROL AND IMPOSING A 36-MONTH PRISON SENTENCE, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

**{¶19}** "II. THE TRIAL COURT ABUSED ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY CONTROL AND IN IMPOSING A 36-MONTH PRISON SENTENCE."

### I.

**{¶20}** In her first assignment of error, Appellant argues that the trial court failed to comply with due process in revoking her community control and imposing a 36-month prison sentence. We disagree.

**{¶21}** Specifically, Appellant argues that the State of Ohio failed to disclose its evidence against Appellant on at least two of the claimed violations, and that the trial court failed to provide a "a written statement by the fact finders as to the evidence relied on and the reasons for revocation." (Appellant's Brief at 6).

**{¶22}** It is well settled that community control revocation hearings are not criminal proceedings. *State v. Stafford* (Aug. 16, 2001), Tuscarawas App. No. 2000 AP 12 0095.

Because a community control revocation proceeding is not a criminal proceeding, it has been held that the discovery procedures outlined in Crim.R. 16 are inapplicable to the revocation process. *State v. Stafford,* supra, citing *State v. Parsons* (Nov. 15, 1996), Greene App. No. 96 CA 20. However, even though Crim.R. 16 is inapplicable to community control revocation proceedings, Appellant is entitled to some minimum due process rights including disclosure to the probationer of the evidence against her. *State v. Shuman*, supra, 2010-Ohio-3957 at ¶ 22.

**{¶23}** In order to comport with due process, a trial court must adhere to the following conditions when ruling on a defendant's guilt in relation to a community control violation: "(a) written notice of the claimed violations; (b) disclosure of evidence against the defendant; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revocation." *Middlebrooks*, supra, 5th Dist. Tuscarawas No. 2010 AP 08 0026, 2011-Ohio-4534, ¶ 16, citing *Pavlich,* supra, at ¶ 25, internal citations omitted.

**{¶24}** Appellant herein asserts the State failed to disclose its evidence against her with regard to (1) her failure to take medication as legally prescribed, and (2) her failure to be evaluated for mental health and/or substance abuse needs, and (3) her failure to follow all counseling recommendations, complete all treatment plans, and take all medications as directed. (Statement of Violations of Community Control, Sept. 14, 2022 at 2).

{¶25} Upon review, we find Appellant's due process rights were not violated in regard to the disclosure of evidence. Appellant received notice of the violations; a first-stage hearing was held upon the motion to revoke and the court found probable cause to believe Appellant violated terms of her community control, in part on Appellant's admissions to the violations; and finally, Appellant waived a full evidentiary hearing. *Shuman*, supra, ¶ 23.

{¶26} Accordingly, we find no due process violation as to the disclosure of evidence against Appellant.

{¶27} Appellant also contends that her due process rights were violated because the trial court did not issue written findings of fact for revoking community control sanctions and the evidence it relied on.

{¶28} "A court need not issue a written opinion where it sufficiently explains its reasons and the evidence relied on to the defendant on the record such that a sufficient record exists for appellate review." *State v. Harian,* 8th Dist. No. 97269, 2012–Ohio–2492, ¶ 22, citing *State v. Delaney,* 11 Ohio St.3d 231, 235, 465 N.E.2d 72 (1984); *State v. Martin,* 8th Dist. No. 82140, 2003–Ohio–3381, ¶ 23; *State v. Fonte*, 8th Dist. Cuyahoga No. 98144, 2013-Ohio-98, ¶ 15

{¶29} Here, at the Disposition Hearing, the trial court stated on the record:

The Court has considered everything that's been stated here today, Ms. Backus, and the record of this case. I'm not going to belabor the point, Ms. Backus. You were given a tremendous break last time when you were sentenced in this court for a victim oriented offense of burglary. Your attorney advocated very strongly on your behalf and gave as reasons for

the board to sentence you directly to community control, your underlying mental health and substance abuse issues. The Court ultimately agreed with your prior counsel and at least at that time that the Court could work with you on community supervision. And that was despite the fact that previously you have been convicted of a felony offense of failure to comply with order or signal of a police officer, been to prison, granted judicial release and violated probation. That is why I say you have been given a tremendous opportunity previously when the Court sentenced you directly to community control supervision.

Now beyond that, I would point out as I've asked Ms. Pizzuto about, you've already been to a community based correctional facility program in your last case, you had multiple prior probation violations for not showing up and for using drugs and ultimately your probation was terminated.

Beyond that, on the misdemeanor level, you have convictions for theft offenses, failure to comply with the police order, driving under the influence, falsification, obstruction of official business, another failure to comply, domestic violence, and a violence of a TPO.

It seems that you have difficulty following the law and it is concerning when the courts not only this one, but municipal court in transferring you to their mental health docket and supervising you on multiple occasions, many of which was [sic] not successful because you violated probation, have given you opportunities for change.

Ms. Backus, I don't think that you are a hopeless case. I don't want to give you that impression at all. But my concern is that you are largely a risk to yourself by your unaddressed mental health issues and your unaddressed drug use and I'm concerned that you are associating with known drug users, that you are susceptible of being influenced by them, that you medicate yourself, that you won't take your mental health medications and you don't report when you are supposed to. This all leads me to conclude that what you need most is to be in a situation where you cannot walk away from it. And what you need most is a stable situation for a long period of time and to engage in some positive programming at the Marysville Reformatory for Women.

I am certain that you don't agree with the Court's decision in that regard that the Court is looking out for your best interests here, Ms. Backus, long-term. Many other options have been attempted and employed, and the Court now orders into effect the previously stated term of incarceration of 36 months in the Ohio Department of Rehabilitation and Corrections with 255 days jail time credit. You are to pay court costs and $25 court appointed counsel fee.

And the Court has previously informed you of the post release control consequences which apply and adopts those as part of it's [sic] judgment here today.

(Disp. T. at 10-13)

{¶30} The record more than sufficiently explains the court's reasons for revoking Appellant's community control sanctions. Appellant's argument therefore is without merit. *State v. Fonte*, 8th Dist. Cuyahoga No. 98144, 2013-Ohio-98, ¶ 16

{¶31} Appellant's first assignment of error is overruled.

## II.

{¶32} In her second assignment of error, Appellant argues the trial court abused its discretion in revoking her community control and imposing the reserved sentence of 36 months.  We disagree.

{¶33} A community-control revocation hearing is not a criminal trial; therefore, the state is not required to establish a violation of the terms of community control "beyond a reasonable doubt." *State v. Middlebrooks*, 5th Dist. Tuscarawas No. 2010 AP 08 0026, 2011-Ohio-4534, ¶ 14, citing *State v. Pavlich,* 6th Dist. Erie No. E–10–011, 2011-Ohio-802, ¶ 7, internal citations omitted. Instead, appellee must show "substantial" proof that the offender violated the terms of his or her community control sanctions. *Id.,* citing *State v. Ryan,* 3d Dist. Union No. 14–06–55, 2007-Ohio-4743, ¶ 7. "Substantial evidence" is akin to a preponderance-of-the-evidence burden of proof. *State v. Ohly,* 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, at ¶ 18 (6th Dist.), internal citation omitted. Substantial evidence is more than a mere scintilla of evidence, but somewhat less than a preponderance. *Middlebrooks*, supra, 2011-Ohio-4534 at ¶ 14, citing *State v. Gomez*, 11th Dist. No. 93–L–080 (Feb. 18, 1994).

{¶34} Appellee is only required to establish substantial evidence that Appellant violated any one of the conditions of her community-control sanction. "Probation rests upon the probationer's compliance with the probation conditions and any violation of

those conditions may properly be used to revoke the privilege." *State v. Bell*, 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist.1990).

**{¶35}** Once a court finds that a defendant violated the terms of his community-control sanction, the court's decision to revoke community control may be reversed on appeal only if the court abused its discretion. *State v. Shuman*, 5th Dist. Stark No. 2009CA00271, 2010-Ohio-3957, ¶ 27, citing *Columbus v. Bickel*, 77 Ohio App.3d 26, 38, 601 N.E.2d 61 (1991). An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Maurer*, 15 Ohio St.3d 239, 253, 473 N.E.2d 768 (1984).

**{¶36}** We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact in a revocation proceeding. *Shuman*, supra, 2010-Ohio-3957, ¶ 27, citing *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180 (1990), certiorari denied, 498 U.S. 881, 111 S.Ct. 228, 112 L.Ed.2d 183 (1990). Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections, which cannot be conveyed to us through the written record. *Id.*

**{¶37}** A review of the record does not support a finding that the trial court abused its discretion. Appellant herein admitted to violating the terms and conditions of her community control, waived the second hearing and chose to proceed to mitigation. (Oct. 10, 2022 T. at 3, 8). Further, we find that testimony was presented by her probation officer as to numerous violations by Appellant which included using drugs, absconding, failing to take prescribed medication, and failing to report.

**{¶38}** Based on the foregoing, including Appellant's numerous violations of the conditions of her community control as set forth above, we find Appellee presented substantial proof Appellant violated terms of her community control, and the trial court's decision was not an abuse of discretion.

**{¶39}** Accordingly, our review of the record shows the trial court's decision to revoke Appellant's community control sanctions to be within its discretion, and Appellant was afforded due process during the revocation proceedings.

**{¶40}** Appellant's second assignment of error is overruled.

**{¶41}** For the forgoing reasons, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is affirmed

By: Wise, J.

Hoffman, P. J., and

Delaney, J., concur.

JWW/kw 0906