[Cite as *State v. Middlebrooks*, 2011-Ohio-4534.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2010 AP 08 0026 |
| ANTONIO MIDDLEBROOKS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Tuscarawas County Court
of Common Pleas Case No. 2008 CR 01 00
22


JUDGMENT:                                      AFFIRMED

DATE OF JUDGMENT ENTRY:        September 6, 2011


APPEARANCES:

For Plaintiff-Appellee:                          For Defendant-Appellant:

RYAN STYER 0069730                      KEITH O'KORN 0069834
MICHAEL J. ERNEST 0066627            440 Polaris Parkway, Ste. 150
Tuscarawas County Prosecutor's Office   Westerville, Ohio 43082
125 E. High Ave.
New Philadelphia, Ohio 44663


*Delaney, J.*

{¶1}   Defendant-Appellant, Antonio Middlebrooks, appeals from the judgment of the Tuscarawas County Court of Common Pleas, revoking his community control sanctions.  The State of Ohio is Plaintiff-Appellee.

{¶2}   On October 15, 2008, Appellant was sentenced to three years of community control based on his convictions for seven counts of trafficking in drugs, in violation of R.C. 2925.03.  At sentencing, the trial court indicated that if Appellant violated community control, the court would impose the sentence of fifty-six months (eight months on each count, to be served consecutively).  As conditions of his community service, Appellant was required to pay restitution in the amount of $630.00 to a drug task force fund, he was required to maintain employment, and abide by the laws of the State.

{¶3}   In January, 2010, Appellant was arrested for trafficking in cocaine and possession of cocaine.  He was later indicted on those charges and convicted by a jury of possession of cocaine, a felony of the fifth degree, in violation of R.C. 2925.11.

{¶4}   On July 10, 2010, a probation revocation hearing was held in the case at bar based on Appellant's conviction of possession of cocaine, as well as allegations that Appellant failed to keep his probation officer apprised of his address and place of employment, and that he failed to make regular monthly payments towards his financial obligations.

{¶5}   On July 13, 2010, the trial court determined that the State had presented sufficient evidence to find that Appellant violated his conditions of probation and sentenced him to eight month consecutive sentences on the seven counts of drug trafficking.

{¶6} It is from this entry that Appellant now appeals, raising four Assignments of Error:

{¶7} "I. THE SENTENCING ENTRIES ARE NOT FINAL APPEALABLE ORDERS.

{¶8} "II. SUBSTANTIAL PROOF DID NOT EXIST THAT APPELLANT VIOLATED HIS COMMUNITY CONTROL SANCTIONS, AND EVEN IF IT DID, THE TRIAL COURT STILL ABUSED ITS DISCRETION IN REVOKING THE APPELLANT'S COMMUNITY CONTROL.

{¶9} "III. THE TRIAL COURT ERRED IN REVOKING APPELLANT'S PROBATION IN THAT THE CONDITIONS OF APPELLANT'S PROBATION WERE OVERLY BROAD AND DID NOT POSSESS THE REQUISITE NEXUS TO THE CRIME OF WHICH APPELLANT WAS CONVICTED.

{¶10} "IV. TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE 6TH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE I, SECTIONS 10 & 16 OF THE OHIO CONSTITUTION."

I.

{¶11} Appellant has withdrawn his first assignment of error. Accordingly, we find the issue raised therein to be moot.

II.

{¶12} In his second assignment of error, Appellant alleges that the trial court erred in finding him guilty of the probation violations because substantial proof did not exist to support the violations.

{¶13} A community control revocation is not a criminal trial; therefore, the State is not required to establish a violation of the terms of community control "beyond a reasonable doubt." *State v. Pavlich*, 6th Dist. No. E-10-011, 2011-Ohio-802, ¶7, citing *State v. Ryan*, 3d Dist. No. 14–06–55, 2007–Ohio–4743, ¶ 7, citing *State v. Hylton* (1991), 75 Ohio App.3d 778, 600 N.E.2d 821. Instead, the State must show "substantial" proof that the offender violated the terms of his or her community control sanctions. *Ryan*, supra.

{¶14} Substantial evidence is akin to a preponderance-of-the-evidence burden of proof. *State v. Ohly*, 166 Ohio App.3d 808, 853 N.E.2d 675, 2006-Ohio-2353, at ¶18, citing *State v. Hayes* (Aug. 10, 2001), 6th Dist. No. WD-00-075. Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance. *State v. Gomez* (Feb. 18, 1994), 11th Dist. No. 93-L-080, citing *Laws v. Celebrezze* (4th Cir., 1966), 368 F.2d 640, 642, and *Marker v. Finch* (D.C.Del.1971), 322 F.Supp. 905, 910, fn. 7.

{¶15} "The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Bell* (1990), 66 Ohio App.3d 52, 57, 583 N.E.2d 414. Determination of the credibility of the witnesses is for the trier of fact. *State v. Swiger* (1966), 5 Ohio St.2d 151, 156, 214 N.E.2d 417. A trial court's finding of a violation of community control will not be disturbed on appeal absent an abuse of discretion. *Pavlich*, supra. An abuse of discretion implies more than an error of law or judgment; instead, it connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d

1140. When applying the abuse of discretion standard, an appellate court may not simply substitute its judgment for that of the trial court. Id.

{¶16} In order to comport with due process, a trial court must adhere to the following conditions when ruling on a defendant's guilt in relation to a probation violation: "(a) written notice of the claimed violations; (b) disclosure of evidence against the defendant; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revocation." *Pavlich*, supra, at ¶25, citing *State v. McKeithen*, 3d Dist. No. 9–08–29, 2009–Ohio–84, ¶ 22, quoting *State v. Miller* (1975), 42 Ohio St.2d 102, 104, 326 N.E.2d 259, quoting *Morrissey v. Brewer* (1972), 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484.

{¶17} Accordingly, we must determine if the trial court abused its discretion in finding that Appellant violated his conditions of probation. A review of the record does not support a finding that the trial court abused its discretion.

{¶18} To the contrary, the evidence supports the trial court's finding. Detective Charles Willett of the New Philadelphia Police Department testified that he searched the apartment that Appellant was residing in during the summer of 2009 and found $550.00 along with cocaine in the reclining chair that Appellant was sleeping in. When Detective Willett attempted to arrest Appellant on January 15, 2010, Appellant fled upon seeing him. After Appellant was arrested, he was indicted on, tried, and convicted of possession of cocaine.

{¶19} Alice Barr of the Ohio Adult Parole Authority (APA) testified that she was Appellant's probation officer when he resided in Ohio. She reviewed his conditions of probation with him when he was placed on community control. She was also involved with his transfer of probation from Ohio to Michigan when he moved there in 2009. She testified that she was in contact with his probation officer in Michigan and that Appellant had not obtained permission to move back to Ohio from Michigan. Moreover, Appellant had failed to make any restitution payments at the time of the revocation hearing.

{¶20} Appellant argues that the trial court should not have considered Ms. Barr's testimony, as she was no longer his supervising officer. We do not find this argument persuasive. Ms. Barr had firsthand knowledge of Appellant's terms of probation and of his specific violations. There is no legal reason to prohibit her from testifying. Moreover, the rules of evidence do not apply in revocation proceedings. Evid. R. 101(C). As such, hearsay testimony is admissible and Ms. Barr could testify as to her knowledge of Appellant's probation conditions in Michigan.

{¶21} Moreover, the trial court was within its purview to determine that Appellant violated the financial portion of his community control sanctions by failing to pay restitution and court costs. R.C. 2929.18 provides for financial sanctions, but it does not limit the sanctions to those listed in the statute. As such, we find that the trial court was within its discretion to order Appellant to pay the drug task force, as the buy money used to facilitate controlled buys between Appellant and a confidential informant came from the task force's funds.

{¶22} Appellant's second assignment of error is overruled.

III.

{¶23} In his third assignment of error, Appellant argues that the trial court erred in revoking his probation because his probation conditions were overly broad and did not possess the requisite nexus to the crimes of which he was convicted. We disagree.

{¶24} Pursuant to R.C. 2951.02, trial courts are granted broad discretion in setting conditions of probation. Specifically, R.C. 2951.02(C) provides that " * * * [i]n the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender * * *. Compliance with the additional requirements shall also be a condition of the offender's probation or other suspension." See *State v. Jones* (1990), 49 Ohio St.3d 51, 550 N.E.2d 469, citing *State v. Livingston* (1976), 53 Ohio App.2d 195, 196-197, 372 N.E.2d 1335, 1337, citing *United States v. Strada* (D.C.Mo.1974), 393 F.Supp. 19; *People v. Dominguez* (1967), 256 Cal.App.2d 623, 64 Cal.Rptr. 290; *Williams v. State* (Tex.Crim.App.1975), 523 S.W.2d 953; see, also, *Lakewood v. Davies* (1987), 35 Ohio App.3d 107, 519 N.E.2d 860, paragraph two of the syllabus. A trial court's discretion in imposing conditions of probation is not limitless. "Such conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty." *Jones*, supra, at 52, citing *State v. Maynard* (1988), 47 Ohio App.3d 76, 547 N.E.2d 409.

{¶25} The Supreme Court in *Jones* held, "[i]n determining whether a condition of probation is related to the 'interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation. See,

e.g., *United States v. Tolla* (C.A.2, 1986), 781 F.2d 29, 32-33; *State v. Maynard*, supra, at paragraph two of the syllabus; *State v. Livingston*, supra; *Howland v. Florida* (Fla.App.1982), 420 So.2d 918, 919; Rodriguez v. Florida (Fla.App.1979), 378 So.2d 7; Nitz v. State (Alaska App.1987), 745 P.2d 1379." Id., at 53.

{¶26} The conditions of Appellant's probation were not overly broad and in fact are directly related to his convictions. The condition of paying restitution directly relates to paying back money that was given to Appellant by a confidential informant of the drug task force when he participated in controlled buys with that informant. Though Appellant was ultimately not convicted of trafficking in drugs, he agreed to the condition in the trial court's judgment entry. This money and the buys were directly related to the execution of the search warrant wherein Appellant's residence in Ohio was raided and the cocaine that he was convicted of possessing was found.

{¶27} The court did not require even a minimum amount be paid each month; rather it merely required that Appellant make regular monthly payments. Moreover, as we noted in our disposition of Appellant's second assignment of error, this restitution order was lawful pursuant to R.C. 2929.18(A)(1).

{¶28} Appellant's third assignment of error is overruled.

IV.

{¶29} In Appellant's fourth assignment of error, he argues that he was denied the effective assistance of counsel in the event that this Court determines that his arguments in the preceding assignments of error were not properly preserved for appeal. Appellant's arguments were considered on their merits, and as such, his fourth assignment of error is overruled.

{¶30} For the foregoing reasons, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE


IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ANTONIO MIDDLEBROOKS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 2010 AP 08 0026 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to Appellant.

_____

HON. PATRICIA A. DELANEY

_____

HON. W. SCOTT GWIN

_____

HON. JOHN W. WISE