[Cite as *State v. Graham*, 2022-Ohio-1770.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 21CA0031 |
| | : | |
| CELIA D. GRAHAM | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:                Appeal from the Licking County Court of
                                                                  Common Pleas, Case No. 20CR121

JUDGMENT:                                            AFFIRMED

DATE OF JUDGMENT ENTRY:                May 25, 2022

APPEARANCES:

For Plaintiff-Appellee:                                For Defendant-Appellant:

WILLIAM HAYES                                        KIMBERLYN SECCURO
LICKING CO. PROSECUTOR                        720 South High Street
DARREN M. BURGESS                                Columbus, OH 43206
20 South Second St., Fourth Floor
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Celia D. Graham appeals from the April 16, 2021 Judgment Entry of the Licking County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

*Violation of protection order and community-control sanction*

{¶2} This case arose on November 13, 2019, when victim Jane Doe went to the Newark Police Department to report a violation of a protection order. Doe reported that on November 12, 2019, she received a call from a phone number she didn't recognize. Upon answering the call, she recognized the voice of appellant. Doe has a civil protection order against appellant in the Licking County Court of Common Pleas, Case Number 19 CV 277.

{¶3} Appellant has a prior conviction for violation of a protection order, to wit, Franklin County Municipal Court Case Number 19 CRB 12464.

{¶4} Appellant was charged by indictment with one count of violating a protection order pursuant to R.C. 2919.27(A)(1), a felony of the fifth degree.

{¶5} On October 5, 2020, appellant appeared before the trial court and changed her previously-entered plea of not guilty to one of guilty to the offense as charged. Also on that date, the trial court imposed a community-control term of three years and a jail term of 30 days. Appellant was advised that if she violated the terms of community control, she would serve a prison term of 12 months. The trial court also imposed a term of 3 years of post-release control.

{¶6} Attached to the judgment entry of conviction and sentence is Exhibit A, which contains the terms of appellant's community control. Her residential sanctions

included a 30-day jail term and her non-residential sanctions included, e.g., drug and alcohol assessments, mental health treatment, community service, and no contact with the victim.

*Probation revocation proceedings*

{¶7} On February 4, 2021, appellee filed a Motion to Revoke Community Control citing three alleged violations: 1) she was indicted on January 7, 2021 for escape, a felony of the third degree; 2) she failed to enter or verify enrollment in an approved mental health and anger management treatment program; and 3) on February 2, 2021, the victim filed a police report stating appellant contacted her.

{¶8} A magistrate's order dated February 5, 2021 states a first-stage hearing was held upon the motion to revoke and the court found probable cause to believe appellant violated terms of her community control.

{¶9} On February 9, 2021, appellee filed an Amended Motion to Revoke Community Control alleging one additional violation: when appellant was arrested on February 4, 2021, she would not follow commands and resisted arrest verbally and physically.

{¶10} Counsel was appointed for appellant and a second-stage hearing was scheduled for February 26, 2021.

{¶11} On February 23, 2021, appellant's counsel moved to continue the hearing because counsel had a conflict and appellee did not object to the motion to continue. The trial court granted the motion to continue and the matter was scheduled for March 19, 2021.

{¶12} On March 9, 2021, appellant filed a demand for discovery.

{¶13} On March 17, 2021, appellant filed a second motion to continue because appellant was exposed to someone who tested positive for Covid and she was presently under quarantine and experiencing Covid symptoms. Appellee did not object to the motion to continue. The trial court granted the motion to continue and the hearing was scheduled for April 16, 2021.

*Second-stage evidentiary hearing on probation revocation*

{¶14} The matter proceeded to evidentiary hearing on April 16, 2021. The following evidence is adduced from the record of the hearing.

{¶15} At the opening of the hearing, defense trial counsel moved for a third continuance, arguing counsel demanded discovery on March 8, 2021 and April 8, 2021, but appellee did not respond to the demand.

{¶16} Appellee responded that pursuant to *State v. Shuman*, 5th Dist. Stark No. 2009CA00271, 2010-Ohio-3957, ¶ 22, community control revocation hearings are not "criminal proceedings" for the purpose of Crim.R. 16.[1] Further, appellant's right to due process was not violated because she was served with the motion to revoke containing the allegations against her and naming the pertinent witness.

---

[1] In *State v. Shuman*, 5th Dist. Stark No. 2009CA00271, 2010-Ohio-3957, ¶ 22, we stated the following in pertinent part:

> It is well settled that community control revocation hearings are not criminal proceedings. *State v. Stafford* (Aug. 16, 2001), Tuscarawas App. No.2000 AP 12 0095. Because a community control revocation proceeding is not a criminal proceeding, it has been held that the discovery procedures outlined in Crim.R. 16 are inapplicable to the revocation process. *State v. Stafford,* supra, citing *State v. Parsons* (Nov. 15, 1996), Greene App. No. 96 CA 20. However, even though Crim.R. 16 is inapplicable to the community control revocation proceedings, Appellant is entitled to some minimum due process rights as stated in *Gagnon,* supra: disclosure to the (probationer or) parolee of evidence against him.

{¶17} Defense trial counsel responded that he spoke to the probation officer [Toni Offenburger] by telephone and was aware of the allegations, but did not know what evidence appellee intended to use at the hearing, such as witnesses or exhibits.

{¶18} The trial court ruled appellant had notice of the allegations and denied the motion to continue.

{¶19} Probation Officer Toni Offenburger testified appellant began supervision with her on November 3, 2020, and signed conditions of supervision. On February 9, 2021, Offenburger filed an amended motion to revoke community control because she learned appellant was indicted upon one count of escape; the victim reported to police that appellant contacted her despite the no-contact order; and appellant was repeatedly told to enroll in mental health treatment and anger management counseling but failed to do so.

{¶20} Offenburger testified that appellant violated the conditions of community service as follows. Condition No. 1 states appellant will abide by all federal, state, and local laws, and that she will personally contact the probation officer by the next day if she is arrested, cited, or questioned by any law enforcement officer. Appellee offered State's Exhibit One in support of this argument, a copy of appellant's indictment upon one count of escape.

{¶21} Offenburger testified about the circumstances of appellant's arrest on February 4, 2021, which Offenburger had personally effectuated. Upon her arrival at the probation office, Offenburger told appellant she was under arrest and asked her to turn around and place her hands behind her back. Appellant immediately "started yelling

and screaming and wouldn't comply * * *."  T. 16.  Appellant dropped to the floor, kicking and screaming, requiring four officers to cuff her.  She then refused to walk or cooperate.

{¶22} Offenburger testified appellant knew she was filing a motion to revoke based upon appellant's failure to comply with mental health treatment. Appellant also knew in advance she would have a bond hearing at 1:00 on February 4. However, Offenburger received the police report about contact with the victim in the meantime. Thus, as appellant walked in the door Offenburger told her she was aware of the latest allegations of contact, and appellant screamed "I'm going to kill that bitch."  T. 20.

{¶23} Offenburger rode in the cruiser with appellant to the Justice Center; appellant continued to resist, kicking the cage in the cruiser and repeating her threats to the victim.  Appellant was carried into booking, placed in a restraint chair, and a spit guard was placed over her head.

{¶24} After appellant's arrest, she told Offenburger she started mental health treatment but didn't like the counselor. Offenburger attempted to verify this information and learned it was false; appellant did get assessed, but failed to attend a recent appointment.

{¶25} Upon cross-examination, Offenburger agreed that appellant wasn't required to see any particular counselor; that she and the victim have an extensive history; and she assured appellant before February 4 that she would not be arrested, although that changed.

{¶26} Jane Doe, the victim in the instant case, also testified. Doe has a civil protection order (CPO) against appellant.  On February 1, 2021, appellant called Doe on the telephone and said Doe and her mother were going to die for what they did to

appellant, and she was on her way to kill Doe. Doe recognized appellant's voice and reported the call to police. Doe also testified to multiple other contacts by appellant prior to the phone call.

{¶27} Upon cross-examination, Doe acknowledged appellant has a CPO against Doe and that appellant was acquitted in one trial for an alleged violation of Doe's CPO.

{¶28} Appellant testified on her own behalf and said she had a "mental health breakdown" on February 4 when she learned she was about to be arrested. Appellant stated she advised Offenburger of a false police report Doe made against her, and that she obtained "a couple of" mental health evaluations.

{¶29} At the conclusion of the hearing, the trial court ruled from the bench that appellant did not violate the first condition of her probation because she was not yet convicted of escape. However, in light of her conduct in resisting arrest, failing to obtain mental health treatment, and contacting Jane Doe, she was in violation of other terms of community control. The trial court revoked appellant's community-control term and imposed the suspended sentence of 12 months in the Licking County Jail.

{¶30} The trial court entered a Judgment Entry dated April 16, 2021, finding appellant violated the terms of community control, was not amenable to an available community control sanction, and imposing the 12-month jail term.

{¶31} Appellant now appeals from the trial court's Judgment Entry of April 16, 2021.[2]

{¶32} Appellant raises three assignments of error:

---

[2] Appellant's original appellate counsel withdrew from the instant case and new counsel was appointed.

**ASSIGNMENTS OF ERROR**

{¶33} "I. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING GRAHAM'S MOTION FOR A CONTINUANCE, IN VIOLATION OF HER DUE PROCESS RIGHTS PURSUANT TO THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

{¶34} "II. THE PROSECUTOR'S MISCONDUCT DENIED GRAHAM A FAIR TRIAL AND DUE PROCESS OF LAW, IN VIOLATION OF HER FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION."

{¶35} "III. THE TRIAL COURT ABUSED ITS DISCRETION BY REVOKING GRAHAM'S COMMUNITY CONTROL."

**ANALYSIS**

I., II., III.

{¶36} Appellant's three assignments of error are related and will be addressed together and out of order for clarity. Appellant contends the trial court should have continued the revocation hearing based upon the prosecutor's alleged misconduct in failing to provide discovery; we disagree. Appellant further argues the trial court abused its discretion in revoking her community control; we disagree.

{¶37} In the instant case, the trial court revoked appellant's community-control sanction upon finding she violated several conditions, to wit: to obtain mental health treatment and to have no contact with the victim. We begin by reviewing the nature of revocation proceedings in general.

{¶38} A community-control revocation hearing is not a criminal trial; therefore, the state is not required to establish a violation of the terms of community control "beyond a reasonable doubt." *State v. Middlebrooks*, 5th Dist. Tuscarawas No. 2010 AP 08 0026, 2011-Ohio-4534, ¶ 14, citing *State v. Pavlich,* 6th Dist. Erie No. E–10–011, 2011–Ohio–802, ¶ 7, internal citations omitted. Instead, appellee must show "substantial" proof that the offender violated the terms of his or her community control sanctions. *Id.,* citing *State v. Ryan,* 3d Dist. Union No. 14–06–55, 2007–Ohio–4743, ¶ 7. "Substantial evidence" is akin to a preponderance-of-the-evidence burden of proof. *State v. Ohly,* 166 Ohio App.3d 808, 2006–Ohio–2353, 853 N.E.2d 675, at ¶ 18 (6th Dist.), internal citation omitted. Substantial evidence is more than a mere scintilla of evidence, but somewhat less than a preponderance. *Middlebrooks*, supra, 2011-Ohio-4534 at ¶ 14, citing *State v. Gomez*, 11th Dist. No. 93–L–080 (Feb. 18, 1994).

{¶39} Appellee is required to establish substantial evidence that appellant violated any one of the conditions of her community-control sanction. "Probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Bell*, 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist.1990). Once a court finds that a defendant violated the terms of his community-control sanction, the court's decision to revoke community control may be reversed on appeal only if the court abused its discretion. *State v. Shuman*, 5th Dist. Stark No. 2009CA00271, 2010-Ohio-3957, ¶ 27, citing *Columbus v. Bickel*, 77 Ohio App.3d 26, 38, 601 N.E.2d 61 (1991). An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Maurer*, 15 Ohio St.3d 239, 253, 473 N.E.2d 768 (1984).

{¶40} In order to comport with due process, a trial court must adhere to the following conditions when ruling on a defendant's guilt in relation to a community control violation: "(a) written notice of the claimed violations; (b) disclosure of evidence against the defendant; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revocation." *Middlebrooks*, supra, 5th Dist. Tuscarawas No. 2010 AP 08 0026, 2011-Ohio-4534, ¶ 16, citing *Pavlich,* supra, at ¶ 25, internal citations omitted.

*No prosecutorial misconduct*

{¶41} Appellant asserts the prosecutor committed misconduct in "refus[ing] to provide Graham all of the information about her community control revocation proceeding." Appellant fails to reveal what information was missing, and concedes Crim.R. 16 discovery rules did not apply to the proceeding in the instant case. Brief, 3. Nor does appellant reveal which of her rights was prejudiced by the alleged omission. Brief, 4. Because a community-control revocation proceeding is not a criminal proceeding, we have held that the discovery procedures outlined in Crim.R. 16 are inapplicable to the revocation process. *State v. Stafford*, 5th Dist. Tuscarawas No.2000 AP 12 0095 (Aug. 16, 2001), citing *State v. Parsons*, Greene App. No. 96 CA 20 (Nov. 15, 1996). Even though Crim.R. 16 is inapplicable to revocation proceedings, appellant is entitled to some minimum due process rights including disclosure to the probationer of the evidence against her. *State v. Shuman*, supra, 2010-Ohio-3957 at ¶ 22.

{¶42} As noted supra, appellant does not reveal what pertinent evidence appellee failed to reveal before the hearing. We find appellant's due process rights were not violated in regard to the disclosure of evidence; appellant received notice of the violations; a first-stage hearing was held upon the motion to revoke and the court found probable cause to believe appellant violated terms of her community control; finally, at the full evidentiary hearing, appellant had the opportunity to confront and cross-examine witnesses and to present her own witnesses and documentary evidence. *Shuman*, supra, ¶ 23.

{¶43} Accordingly, we find no due process violation as to the disclosure of evidence against appellant.

*Denial of continuance not an abuse of discretion*

{¶44} Next, appellant argues the trial court should have granted defense trial counsel's motion to continue the revocation hearing. The granting of a continuance rests in the trial court's sound discretion. *State v. Harden*, 5th Dist. Fairfield No. 02CA27, 2002-Ohio-4673, ¶ 8, citing *State v. Unger*, 67 Ohio St.2d 65, 423 N.E.2d 1078 (1981). In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Id.,* citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). We note the revocation hearing was continued twice upon appellant's motion. Appellant argues, though, she was entitled to another continuance to review appellee's "discovery." We have already determined appellant was not entitled to discovery; moreover, the information was contained in the amended motion to revoke which was served upon her.

{¶45} The trial court did not abuse its discretion in refusing to continue the revocation hearing. See, *State v. Harden*, supra, 5th Dist. Fairfield No. 02CA27, 2002-Ohio-4673 [trial court does not abuse its discretion in refusing to continue revocation hearing, especially when revocation is not premised upon information unknown to appellant].

*Findings of violations not abuse of discretion*

{¶46} Finally, appellant contends the trial court's findings that she failed to comply with conditions is an abuse of discretion. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact in a revocation proceeding. *Shuman*, supra, 2010-Ohio-3957, ¶ 27, citing *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180 (1990), certiorari denied, 498 U.S. 881, 111 S.Ct. 228, 112 L.Ed.2d 183 (1990). Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections, which cannot be conveyed to us through the written record. *Id.*

{¶47} A review of the record does not support a finding that the trial court abused its discretion.

{¶48} Appellant argues she was found not guilty of violation of a civil protection order; as Jane Doe testified, though, the telephone call she reported to police was a different incident in the lengthy history between the two. Appellant further argues she wasn't charged with resisting arrest for her conduct on February 4th, 2021, so the trial court should not have held that conduct against her. Appellant need not be charged with a criminal offense to have violated a condition of her community control. Appellant further

argues she did obtain mental health assessments as ordered; she was still within her period of community control and should not be penalized for failing to complete mental-health recommendations. The trial court advised appellant, though, that she did not have three years to complete her mental health recommendations; she doesn't get to shop around until she finds a provider that suits her. T. 59.

{¶49} The trial court's findings are not an abuse of discretion and we agree appellee presented substantial proof appellant violated terms of her community control.

{¶50} Appellant's three assignments of error are overruled.

## CONCLUSION

{¶51} Appellant's three assignments of error are overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Baldwin, P.J. and

Hoffman, J., concur.