[Cite as *State v. Logan*, 2022-Ohio-4383.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2022 CA 00062 |
| ROBERT LOGAN | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Criminal Appeal from the Court of Common
Pleas, Case No. 2020 CR 00156


JUDGMENT:                  Affirmed


DATE OF JUDGMENT ENTRY:     December 8, 2022


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

KYLE L. STONE                 JACOB T. WILL
PROSECUTING ATTORNEY       121 South Main Street
VICKI L. DeSANTIS             Suite 520
ASSISTANT PROSECUTOR       Akron, Ohio 44308
110 Central Plaza South, Suite 510
Canton, Ohio 44702-1413

*Wise, J.*

**{¶1}** Appellant Robert Logan appeals the April 19, 2022, decision of the Stark County Court of Common Pleas revoking his probation and imposing the remainder of his prison sentence.

**{¶2}** Appellee is the state of Ohio.

### STATEMENT OF THE FACTS

**{¶3}** For purposes of this Opinion, the relevant facts and procedural history are as follows:

**{¶4}** On or about January 5, 2020, Appellant Robert Logan ignored a visible or audible signal from a police officer to bring his motor vehicle to a stop on southbound 77. Instead, Logan willfully eluded police and took them on a high-speed chase from Summit County to Stark County. Once in Stark County, the Ohio State Patrol began pursuit. Despite this, Logan continued to flee, running multiple red lights and driving recklessly through Canton.

**{¶5}** On February 11, 2020, the Stark County Grand Jury indicted Logan for violating an order or signal of a police officer pursuant to R.C. §2921.331(B)(C)(5)(a)(ii), a felony of the third degree.

**{¶6}** At his arraignment, Logan pled not guilty. A trial was set for March 30, 2020.

**{¶7}** On June 16, 2020, Logan appeared before the trial court and changed his previously entered plea of not guilty to one of guilty to the offense as charged. The trial court deferred sentencing pending Logan's referral to the Stark Regional Community Correction Center ("SRCCC") for evaluation.

**{¶8}** By Judgment Entry filed June 23, 2020, the trial court deferred sentencing pending a presentence investigation.

**{¶9}** On July 28, 2020, the trial court held a presentence investigation hearing.

**{¶10}** By Judgment Entry filed August 5, 2020, the trial court sentenced Logan to 24 months in prison. The trial court also suspended his driver's license for a period of three years, imposed a mandatory period of three years of post-release control, ordered random urinalysis screenings, and explained the consequences should he violate his post-release control.

**{¶11}** On October 6, 2020, the trial court suspended Logan's prison sentence and released Logan on his motion for judicial release and ordered three years of community control sanctions under the supervision of the Stark County Adult Probation Department. Terms included electronic monitoring, Covid restrictions, and routine urine testing. Logan was to enroll and comply with the Re-Entry Court, serve 200 hours of community service, submit to drug and alcohol monitoring, and was assessed costs and monitoring fees. Logan was advised that if he violated the terms of post-release control, he would be subject to an additional prison term of up to one-half his stated prison term of 24 months. (Judgment Entry, 10/9/2020).

**{¶12}** On March 12, 2021, a motion to revoke probation or modify former order was filed indicating Logan violated Rule #5 - failure to report to probation as ordered, Rule #7 - failure to maintain sobriety, and Rule #20 - failure to comply with outpatient programming. Following a probable cause hearing, Logan was ordered to enter the HOPE program. (Judgment Entry, 3/24/2021).

{¶13} On July 13, 2021, a second motion to revoke probation or modify former order was filed and indicated Logan violated Rule #5 - failure to report to probation and failed to abide by the 9:00p.m. curfew, Rule #7 - submitted a positive drug screen for methamphetamines on May 13, 2021, Rule #17 - failed to attend Re-Entry Court on 6/4/2021, and failed to attend Re-Entry job group on 6/25/2021, Rule #20 - non-compliance with drug treatment programming and monitoring, terminated unsuccessfully from drug treatment programming at Stark County Day Reporting and failed to report as directed for Re-Entry color code drug screening on 7/9/21, Rule #24 - left  the ISP Office without permission after being advised to submit a drug screen and removed a drug testing patch placed on him by his Re-Entry caseworker, Rule #25 - cited for driving under FRA suspension and no seat belt on 7/7/21 (Case #2021 TRD03845), and Rule #1 - violated rules of his electronically monitored house arrest.

{¶14} Logan stipulated to probable cause and the hearing was waived.  The trial court ordered Logan to SRCCC on July 21.

{¶15} On August 4, 2021, Logan filed a motion to modify sentence.

{¶16} By Judgment Entry filed August 11, 2021, the trial court denied Logan's motion.

{¶17} On August 18, 2021, a third motion to revoke probation or modify former order was filed, indicating that Logan violated Rule #5 - failed to report to probation, Rule #7- submitted a positive drug screen for methamphetamines and amphetamines on 8/12/21, Rule #17- non-compliance with Re-Entry color code and failed to serve day jail as sanctions per Re-Entry Court recommendations, Rule #25 - found guilty of driving

under FRA suspension on 8/12/21 (Case #2021 TRD04306), and Rule #1- uncooperative with the interview process for SRCCC.

{¶18} On September 21, 2021, Logan appeared before the trial court and admitted said violations, wherein the court ordered Logan to successfully complete the Wilson Hall Program.

{¶19} On October 4, 2021, a fourth motion to revoke probation or modify former order was filed, which stated that Logan violated Rule #5 - failed to respond to correspondence from the supervising officer and was non-compliant with VCMA monitoring as directed, Rule #17- noncompliant with Re-Entry Court, Rule #24 – failed to submit to a drug screen on 9/21/21, failed to report to submit to a drug screen on 9/22/21, failed to submit a valid drug screen on 9/29/21 and left the building prior to submitting a valid drug screen, despite being advised not to leave prior to submission, and failed to report for daily drug screening on 10/4/21, Rule #2- non-compliance with the HOPE Program, and Rule #1 – failure to attend his assessment for the Wilson Hall Program on 10/11/21.

{¶20} On October 15, 2021, a fifth motion to revoke probation or modify former order was filed which stated that Logan again violated his drug monitoring by violating Rule # 24 - failing to submit to daily drug screens on October 6, 7, 13, and 14, 2021.

{¶21} On November 4, a sixth motion to revoke probation or modify former order was filed, indicating Logan had violated Rule #5 - by removing his GPS device and his current whereabouts were unknown. In addition, he violated Rule #24 - by failing to submit daily drug screens on ten (10) occasions. The probation officer simultaneously filed an absconder notice and a capias was issued.

**{¶22}** On November 10, 2021, a seventh motion to revoke probation or modify former order was filed by the probation officer was an addendum due to additional infractions including under Rule #5 - for unsuccessful termination from Oriana House electronic monitoring program, Rule #17- unsuccessfully terminated from the Re-Entry Court due to a *capias* being issued on 11/4/21, and, Rule #20 - failure to attend his Intensive Outpatient Program treatment group at CommQuest on 11/4/21 and drug screen tamper device found on 11/5/21.

**{¶23}** By Judgment Entry file December, 21, 2021, the trial court ordered Logan released and into SRCCC when a bed becomes available.

**{¶24}** On January 6, 2022, Logan was admitted to SRCCC.

**{¶25}** On March 21, 2022, an eighth motion to revoke probation or modify former order was filed, for violation of Rule #14 – failure to successfully terminate from SRCCC. At this time, the trial court ordered Logan committed to the Stark County Jail.

**{¶26}** On April 13, 2022, an evidentiary hearing was held wherein the State put on one witness, Molly Dutton, a probation officer with Stark County Courts. (T. at 52). Dutton testified that Logan has had multiple violations since January 11, 2021, when he was initially assigned a probation officer. Dutton stated that Logan's wife let her in on a home visit, and that Logan was not there but his GPS tracker device was on the bed. Dutton issued a *capias* for his arrest at that time. Dutton also found items that might be used to cheat urine drug screens. (T. at 9-10). Dutton explained Logan was noncompliant with conditions of the HOPE Program, such as not following through with any kind of drug and alcohol treatment or mental health treatment. Logan was also removed from CommQuest after he failed to show to several sessions, along with lack of reporting. (T.

at 10). Dutton acknowledged that Logan's probation was modified to include completion of the SRCCC program once out of jail. (T. at 10). Dutton testified that she received a call on the date of his termination from SRCCC, after 75 days, due to Logan being in a physical altercation with another client. Dutton testified she stays up to date on her clients by receiving release reports from SRCCC. (T. at 13). Dutton stated that this one altercation did not change the fact that his probation should be revoked because she expected probationers who had been through programming to find a different way to resolve a problem without resorting to physical violence. (T. at 14-15). Dutton further testified that Logan was terminated from Re-Entry Court for multiple violations, but the *capias* made it easier to terminate him. (T. at 15). She testified that Logan also tested positive for illegal substances, including amphetamines, on several occasions, as well as tampering with his drug screens. (T. at 16-17). On the day Logan was taken into custody, Dutton found a tampering device under the seat of the car where Logan was sitting. She described it as a urine drug screen tamper device that had a temperature strip on it and tubing that would allow somebody to tamper with a drug screen. (T. at 16). She also explained that when somebody does not show up for a screen or they are late, it is counted as a positive test. (T. at 17). Finally, Dutton testified that she believed she had filed at least four (4) motions to revoke probation. (T. at 18).

**{¶27}** Logan also testified on his own behalf at the evidentiary hearing. Logan admitted that although the other client was just calling him names, he pushed the other client away first, and they started fighting. (T. at 24). Logan admitted he was then terminated from SRCCC as a result. (T. at 25). Logan stipulated to violating the terms of his judicial release.

{¶28} At the conclusion of the hearing, the trial court, ruling from the bench, stated she was familiar with Logan's history of probation, the previous motions to revoke, the fact that Logan had cut off his GPS ankle bracelet, that he was terminated from Re-Entry Court, that he attempted to tamper or did tamper with urine screens and most recently, by his own testimony, laid hands on the person he had an altercation with at SRCCC. (T. at 27). The trial court noted the many chances it had given to Logan.

{¶29} The trial court found that sufficient evidence had been established to prove that Logan violated the terms of his judicial release and, therefore, revoked Logan's judicial release/community control sanctions and re-imposed his original sentence of 24 months, allowing for credit for all prison and jail time served, including 161 days for jail time credit and 75 days for SRCCC credit. (T. at 28). The trial court advised Logan that upon release from prison, he may have to serve up to two years of post-release control. (Judgment Entry, 4/19/2022).

{¶30} Appellant now appeals, raising the following errors for review:

ASSIGNMENT OF ERROR

{¶31} "I. THE TRIAL COURT ERRED IN REVOKING THE DEFENDANT'S PROBATION AND SENTENCING HIM TO PRISON."

**I.**

{¶32} In his sole assignment of error, Appellant argues the trial court erred in revoking his probation and imposing the remainder of his prison term. We disagree.

{¶33} A community-control revocation hearing is not a criminal trial; therefore, the state is not required to establish a violation of the terms of community control "beyond a reasonable doubt." *State v. Middlebrooks*, 5th Dist. Tuscarawas No. 2010 AP 08 0026,

2011-Ohio-4534, ¶ 14, citing *State v. Pavlich,* 6th Dist. Erie No. E–10–011, 2011-Ohio-802, ¶ 7, internal citations omitted. Instead, appellee must show "substantial" proof that the offender violated the terms of his or her community control sanctions. *Id.,* citing *State v. Ryan,* 3d Dist. Union No. 14–06–55, 2007-Ohio-4743, ¶ 7. "Substantial evidence" is akin to a preponderance-of-the-evidence burden of proof. *State v. Ohly,* 166 Ohio App.3d 808, 2006-Ohio-2353, 853 N.E.2d 675, at ¶ 18 (6th Dist.), internal citation omitted. Substantial evidence is more than a mere scintilla of evidence, but somewhat less than a preponderance. *Middlebrooks*, *supra*, 2011-Ohio-4534 at ¶ 14, citing *State v. Gomez*, 11th Dist. No. 93–L–080 (Feb. 18, 1994).

**{¶34}** Appellee is required to establish substantial evidence that Appellant violated any one of the conditions of his community-control sanction. "Probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Bell*, 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist.1990). Once a court finds that a defendant violated the terms of his community-control sanction, the court's decision to revoke community control may be reversed on appeal only if the court abused its discretion. *State v. Shuman*, 5th Dist. Stark No. 2009CA00271, 2010-Ohio-3957, ¶ 27, citing *Columbus v. Bickel*, 77 Ohio App.3d 26, 38, 601 N.E.2d 61 (1991). An abuse of discretion connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Maurer*, 15 Ohio St.3d 239, 253, 473 N.E.2d 768 (1984).

**{¶35}** In order to comport with due process, a trial court must adhere to the following conditions when ruling on a defendant's guilt in relation to a community control violation: "(a) written notice of the claimed violations; (b) disclosure of evidence against

the defendant; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revocation." *Middlebrooks*, *supra*, 5th Dist. Tuscarawas No. 2010 AP 08 0026, 2011-Ohio-4534, ¶ 16, citing *Pavlich, supra*, at ¶ 25, internal citations omitted. *State v. Graham*, 5th Dist. Licking No. 21CA0031, 2022-Ohio-1770, ¶¶ 38-40.

**{¶36}** Appellant herein contends the trial court's findings that he failed to comply with conditions is an abuse of discretion. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact in a revocation proceeding. *Shuman*, *supra*, 2010-Ohio-3957, ¶ 27, citing *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180 (1990), certiorari denied, 498 U.S. 881, 111 S.Ct. 228, 112 L.Ed.2d 183 (1990). Reviewing courts should accord deference to the trial court's decision because the trial court has had the opportunity to observe the witnesses' demeanor, gestures, and voice inflections, which cannot be conveyed to us through the written record. *Id.*

**{¶37}** A review of the record does not support a finding that the trial court abused its discretion.

**{¶38}** Here, Appellant argues "there was not substantial proof that he in fact did violate his community control conditions." (Appellant's Brief at 6). Appellant argues that the trial court's revocation of his probation based on the altercation at SRCCC was an abuse of discretion because it did not rise to the level of a probation violation.

**{¶39}** Upon review, we find that Appellant has failed to direct this Court to anything in the record, or any case law, to support his argument. Further, we find that evidence was presented as to copious violations by Appellant, not just the altercation at SRCCC. As stated by Appellee, Appellant's failure to comply with house arrest can be, by itself, sufficient justification for the trial court to revoke community control. *See State v. Mooney,* 5th Dist. Stark No. 2003CA00168, 2003-0hio-4896, ¶31.

**{¶40}** Moreover, Appellant stipulated to violating the terms of his community control and waived his right to both his probable cause and evidentiary hearings.

**{¶41}** Based on the foregoing, including Appellant's numerous violations of the conditions of his community control as set forth above, we find Appellee presented substantial proof Appellant violated terms of his community control, and the trial court's decision was not an abuse of discretion.

**{¶42}** Appellant's sole assignment of error is overruled.

**{¶43}** For the reasons stated in the foregoing opinion, the decision of the Common Pleas Court, Stark County, Ohio, is affirmed.

By: Wise, J.
Gwin, P. J., and
Hoffman, J., concur.

JWW/kw 1206