[Cite as *State v. Acker*, 2023-Ohio-1880.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J. |
| -vs- | |
| | Case No. 22-COA-022 |
| PAIGE ACKER | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:      Appeal from the Ashland County Court of Common Pleas, Case No. 19-CRI-027

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      June 6, 2023

APPEARANCES:

For Plaintiff-Appellee

CHRISTOPHER R. TUNNELL, ESQ.
Ashland County Prosecuting Attorney

NADINE HAUPTMAN, ESQ.
Assistant Prosecuting Attorney
110 Cottage Street – 3rd Floor
Ashland, Ohio 44805

For Defendant-Appellant

BRIAN A. SMITH
Brian A. Smith Law Firm, LLC
123 South Miller Road – Suite #250
Fairlawn, Ohio 44333

*Hoffman, J.*

{¶1} Defendant-appellant Paige Acker appeals the judgment entered by the Ashland County Common Pleas Court revoking her community control and imposing an aggregate sentence of thirty months incarceration. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE CASE AND FACTS

{¶2} On August 20, 2019, Appellant was placed on community control following her convictions of complicity to aggravated trafficking in drugs, complicity to trafficking in cocaine, and endangering children. On January 14, 2020, Appellant's community control was revoked because Appellant had contact with Trent Carey, in violation of the terms of her community control. The trial court granted Appellant judicial release in November of 2020, and she was again placed on community control.

{¶3} When she was granted judicial release, Appellant's supervising officer was Paul Cieslinski of the Adult Parole Authority. Officer Cieslinski reviewed the terms of supervision with Appellant, which included she not communicate with any prisoner without the written permission of her supervising officer.

{¶4} In March of 2021, Officer Cieslinski learned Appellant was continuing to have contact with Trent Carey, who was incarcerated. Officer Cieslinski spoke with Appellant about these allegations. Appellant admitted she continued to have contact with Carey. On March 29, 2021, Officer Cieslinski issued Appellant a written sanction which required she not have any contact with Carey, and she not have contact with any inmate in a prison or jail facility.

{¶5} In early 2022, while Carey was incarcerated in the Mansfield Correctional Institution, prison officials began investigating Carey's cellmate in conjunction with an altercation which occurred in the prison. Christopher Hrytzik, an intelligence analyst for

a company which provides telephone services to inmates in Ohio, began reviewing calls. During the investigation, Hrytzik determined over 150 calls were placed from the prison to a particular phone number during the early months of 2022.  Using a reverse search program, Hrytzik determined the number belonged to Appellant.  While reviewing the calls, Hrytzik became concerned for the wellbeing of Appellant and contacted Officer Daubenspack, who was Appellant's supervising officer through the Adult Parole Authority at the time.

**{¶6}** After reviewing the phone calls, Daubenspack believed Appellant was communicating with Trent Carey while he was incarcerated.  On March 25, 2022, Daubenspack filed a complaint alleging Appellant violated the terms of her community control by having contact with Carey from January, through March, of 2022.

**{¶7}** The complaint proceeded to an evidentiary hearing in the Ashland County Common Pleas Court.  Following the hearing, the trial court found Appellant had violated the terms of her community control, and imposed the original aggregate sentence of thirty months incarceration.  It is from the June 23, 2022 judgment of the trial court Appellant prosecutes her appeal, assigning as error:


THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING APPELLANT IN VIOLATION OF HER COMMUNITY CONTROL CONDITIONS AND RE-IMPOSING A PRISON SENTENCE.

{¶8} At the outset, the State has filed a motion to dismiss the appeal as moot because Appellant has completed her prison sentence. Appellant argues the appeal is not moot because there are collateral consequences associated with the finding she violated the terms of community control. Appellant specifically argues pursuant to R.C. 2929.13(B)(1)(a)(ix), because she has now served a prison sentence, she would become subject to a prison sentence for a future fourth of fifth degree felony offense which is not an offense of violence or a qualifying assault offense.

{¶9} The Ohio Supreme Court has held a person convicted of a felony has a substantial stake in the judgment of conviction which survives the completion of the sentence, and therefore an appeal challenging a felony conviction is not moot even if the entire sentence has been satisfied before the matter is heard on appeal. *State v. Golston*, 71 Ohio St.3d 224, 224–25, 643 N.E.2d 109, 110 (1994), syllabus. We find the same reasoning applies in the instant case. Appellant is challenging the underlying finding she violated her community control, not merely the sentence imposed. If this Court concluded the trial court erred in revoking her community control, she would potentially not be subject to the collateral consequences which flow from the revocation of her community control, separate and apart from the prison sentence which she has already served. The State's motion to dismiss is overruled.

I.

{¶10} Appellant argues the trial court abused its discretion in revoking her community control. Appellant argues the evidence was not sufficient to demonstrate she had contact by telephone with Trent Carey. Appellant argues the address associated with the phone number called by Carey is not her address. She also argues there are

alternative explanations for the phone calls, such as another inmate using the account because inmates often trade PIN numbers, and Carey discussing the details of the custody of their children with Appellant's sister, who had custody of the children at the time the calls were made.

{¶11} A community control revocation hearing is not a criminal trial; therefore, the State is not required to establish a violation of the terms of community control "beyond a reasonable doubt." *State v. Middlebrooks*, 5th Dist. Tuscarawas No. 2010 AP 08 0026, 2011-Ohio-4534, ¶ 13. Instead, the State must show "substantial" proof the offender violated the terms of his or her community control sanctions. *Id.* "Substantial evidence" is akin to a preponderance-of-the-evidence burden of proof. *Id.* at ¶14. Once a trial court finds a defendant violated the terms of a community control sanction, the trial court's decision to revoke community control may be reversed on appeal only if the court abused its discretion. *State v. Shuman*, 5th Dist. Stark No. 2009CA00271, 2010-Ohio-3957, ¶ 27, *citing Columbus v. Bickel,* 77 Ohio App.3d 26, 38, 601 N.E.2d 61 (1991). An abuse of discretion connotes more than an error in law or judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Maurer*, 15 Ohio St.3d 239, 253, 473 N.E.2d 768 (1984).

{¶12} In the instant case, Hrytzik testified at the evidentiary hearing while listening to phone calls of Carey's cellmate in conjunction into an investigation into an altercation at the prison, he noted a voice which did not sound like Carey's cellmate. He also noted a specific cell phone number was called more than 150 times in the early months of 2022. A reverse search revealed the number called from the prison belonged to Appellant.

Hrytzik testified while reviewing the calls, he heard the inmate refer to the person he called as "Paige," and heard the woman identified as "Paige" refer to the caller as "Trent."

{¶13} Officer Daubenspack also reviewed the recorded calls. He was able to identify Appellant's voice on the recordings. Further, he determined the phone calls were between Appellant and Carey based on use of names "Trent" and "Paige" to refer to each during the phone calls, as well as discussion of children and a dog shared by Carey and Appellant. We find there was substantial evidence Appellant violated the terms of her community control by having contact with Carey while he was incarcerated at the Mansfield Correctional Institution. We find the trial court did not abuse its discretion in revoking Appellant's community control.

{¶14} The assignment of error is overruled. The judgment of the Ashland County Common Pleas Court is affirmed.


By: Hoffman, J.
Gwin, P.J. and
King, J. concur