[Cite as *State v. Jones*, 2026-Ohio-536.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25 CAA 07 0058 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Delaware County Court of Common Pleas, Case No. 23 CR I 60303 |
| TAMICA JONES, | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: February 13, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; Kevin W. Popham, Judges

**APPEARANCES:** MELISSA A. SCHIFFEL, Prosecuting Attorney, KATHERYN L. MUNGER, Assistant Prosecuting Attorney, for Plaintiff-Appellee; APRIL F. CAMPBELL, for Defendant-Appellant.

*Baldwin, P.J.*

**{¶1}** The appellant, Tamica Jones, appeals the July 3, 2025, Judgment Entry of the Delaware County Court of Common Pleas revoking her community control and imposing sentence. The appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

**{¶2}** On June 8, 2023, the Delaware County Grand Jury indicted the appellant on one count of Engaging in a Pattern of Corrupt Activity in violation of R.C. 2923.32(A)(1), and seven counts of Theft and Petty Theft in violation of R.C. 2913.02(A)(1).

**{¶3}** On October 23, 2023, pursuant to a plea agreement, the appellant entered a plea of guilty to one count of Engaging in a Pattern of Corrupt Activity in violation of R.C. 2923.32(A)(1).

**{¶4}** The trial court sentenced the appellant to community control sanctions including supervision and a prohibition on entering Bath & Body Works stores.

**{¶5}** On May 14, 2025, the appellee filed a notice of violation of community control sanctions alleging the appellant failed to report to Franklin County Adult Probation, failed to provide verification of compliance with completion of a court ordered "Thinking-for-Change" course, violated the no-contact order with Bath & Body Works stores multiple times, and paid only $200 in restitution leaving a remaining restitution balance of over $9,000.

**{¶6}** On July 1, 2025, the trial court held a hearing regarding the appellant's alleged violations of community control.

**{¶7}** At the hearing, Blake Holland, a probation officer from Franklin County, testified that he was assigned as the supervisor for the appellant's Delaware County case. The appellant was ordered to meet with him once a month. She missed scheduled meetings with him on August 22, 2024, August 28, 2024, October 10, 2024, December 18, 2024, January 7, 2025, and February 14, 2025. The appellant was ordered to comply with counseling, but she has failed to provide verification of attendance and compliance with treatment recommendations. The appellant was ordered not to have contact with Bath & Body Works. Earlier in 2025, Officer Holland received a call from Officer Ossoli of Delaware County informing him that the appellant was being investigated for going into Bath & Body Works stores more than fifty times.

{¶8} Next, a market investigator with Bath & Body Works testified that the appellant was observed inside Bath & Body Works on fifty-seven occasions since her 2023 conviction and caught on surveillance video. Her vehicle was also identified in the parking lot on these occasions. The appellant was identified by her distinctive clothing and wig on store surveillance, which was matched to her social media account. Her co-defendant, Rahsaun Douglas, was identified with her.

{¶9} Detective Flahive of the Delaware County Sheriff's Office testified about his 2023 investigation of the appellant. In that investigation, the appellant was caught in surveillance photos wearing the same clothing and wig that she was seen wearing in the recent thefts.

{¶10} Finally, Arvand Ossoli from Delaware County Adult Court Services testified that he supervised the appellant while she was on community control, and filed the community control violations.

{¶11} The appellee's exhibits included a spreadsheet of all the dates that the appellant was identified as entering Bath & Body Works and photo evidence of the appellant's violations. The trial court noted that the appellee produced "mountains of circumstantial evidence." The appellant was sentenced to an indefinite prison term of four to six years.

{¶12} The appellant filed a timely notice of appeal and therein raised the following two assignments of error:

{¶13} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT JONES VIOLATED SANCTIONS TWO AND TEN, AS WELL AS SANCTION

FOURTEEN, ON THE DATES OF MARCH 24, 2025, APRIL 24, 2025, AND MAY 6, 2025."

{¶14} "II. JONES'S SENTENCE WAS CONTRARY TO LAW: THE TRIAL COURT COULD NOT IMPOSE A SANCTION ON JONES FOR FAILING TO REPORT OR FAILING TO DO COUNSELING BECAUSE IT DID NOT NOTIFY HER AT HER SENTENCING HEARING THAT THIS WAS A POSSIBILITY. IT ALSO COULD NOT IMPOSE A SENTENCE AFTER FINDING JONES VIOLATED PROBATION ON MARCH 24, 2025, APRIL 24, 2025, AND MAY 6, 2025, BECAUSE THE RECORD DID NOT SUPPORT THOSE FINDINGS."

## I.

{¶15} In her first assignment of error, the appellant argues that the trial court abused its discretion by revoking the appellant's community control because three of the over fifty alleged violations of her community control sanctions were not supported by substantial evidence.

## STANDARD OF REVIEW

{¶16} "A trial court's finding of a violation of community control will not be disturbed on appeal absent an abuse of discretion." *State v. Burdette*, 2011-Ohio-4425, ¶27 (5th Dist.). An abuse of discretion implies more than an error of law or judgment; instead, it connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not simply substitute its judgment for that of the trial court. *Id*.

## ANALYSIS

**{¶17}** It is well settled that community control revocation hearings are not criminal proceedings. *State v. Pavlich*, 2011-Ohio-802, ¶23 (6th Dist.). Therefore, the State is not required to establish a violation of the terms of community control "beyond a reasonable doubt." *Id*. Instead, the State must show "substantial" proof that the appellant violated the terms of her community control sanctions. *Id*. Substantial evidence is more than a mere scintilla of evidence, but somewhat less than a preponderance. *State v. Middlebrooks*, 2011-Ohio-4534, ¶14 (5th Dist.).

**{¶18}** In the case sub judice, the appellant argues that her community control revocation should be overturned because three of fifty-seven noted violations were not supported by evidence. We note that the trial court did not make specific findings as to those three dates.

**{¶19}** Any violation of community control sanctions may properly be used to revoke the privilege. *State v. Graham*, 2022-Ohio-1770, ¶39 (5th Dist.). Therefore, even assuming arguendo that the appellant is correct, that three of the fifty-seven violations were not supported by evidence, the trial court still had fifty-four other violations that were supported by substantial evidence upon which to revoke the appellant's community control sanctions. The trial court did not abuse its discretion.

**{¶20}** Accordingly, the appellant's first assignment of error is overruled.

## II.

**{¶21}** In her second assignment of error, the appellant argues that the trial court's sentence was contrary to law. We disagree.

## STANDARD OF REVIEW

**{¶22}** R.C. 2953.08 governs appeals claiming a violation of felony sentencing guidelines. R.C. 2953.08(G)(2) describes this court's standard of review:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

## ANALYSIS

**{¶23}** The appellant argues that she could not be sentenced for a community control violation because there was not substantial evidence for three of the fifty-seven alleged violations and because she was not informed of the possibility of revocation at her sentencing hearing. We disagree.

**{¶24}** Any violation of community control sanctions may properly be used to revoke the privilege. *Graham* at ¶39. Therefore, even assuming arguendo, the trial court did not err in sentencing her when there was substantial evidence for fifty-four of the fifty-seven alleged violations.

**{¶25}** Next, the appellant also alleges she was not informed at her sentencing hearing that she could be sentenced for violating her conditions of community control. This is factually inaccurate.

**{¶26}** At the sentencing hearing, the trial court stated:

I will impose in the case a three-year community control sentence. As part of the community control requirements, Miss Jones must spend 120 days in jail. She'll be under intensive supervision with the Adult Court Services staff downstairs * * * She must have no contact with any Bath & Body Works Store * * * If Miss Jones were to violate the requirements of this community control sentence, I could extend to a full five years the period of time when she would be on probation here with me in the case. I could add other conditions and consequences to these community control terms, that might mean additional jail days, perhaps house arrest, and other consequences too. And of course, I could still impose a prison term in the case. If I imposed a prison term because Miss Jones violated the requirements of her community control sentence, the prison term for Count One, this second-degree felony engaging in a pattern of corrupt activity offense, could last for as long as twelve years.

*2023 Sentencing Tr.* 10-13.

**{¶27}** Again, any violation could trigger the revocation. She was alleged to have entered Bath & Body Works stores over fifty times, any one of which would be enough to revoke her community control sanctions. The appellant has only argued that three instances of these violations were not supported by substantial evidence and that her failure to comply with course attendance and recommendations should not be considered. However, there were still approximately fifty other alleged violations not addressed by the appellant. Therefore, we find that the appellant has failed to show that the trial court's sentence was contrary to law.

**{¶28}** The appellant's second assignment of error is overruled.

## CONCLUSION

**{¶29}** For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.

**{¶30}** Costs to the appellant.

By: Baldwin, P.J.

Montgomery, J. and

Popham, J. concur.